UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYH'NES HIDIYAH BAKRI, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action 25-cv-12807-IT |
| | * |
| CRUZ MANAGEMENT COMPANY, | * |
| INCORPORATED, et al., | * |
| | * |
| Defendants. | * |

<u>MEMORANDUM AND ORDER</u>

October 1, 2025

TALWANI, D.J.

Plaintiff Hyh'nes Hidiyah Bakri ("Plaintiff"), proceeding *pro se*, has filed a <u>Complaint</u> [Doc. No. 1], <u>Motion for Leave to Proceed *in Forma Pauperis*</u> [Doc. No. 2], and <u>Motion for Temporary Restraining Order and Preliminary Injunction</u> [Doc. No. 3], concerning her tenancy at the YMCA of Greater Boston Huntington House from 2019 through the present day. Plaintiff represents that a summary process against her regarding this tenancy is pending in the Commonwealth's Housing Court (Eastern Division). For the reasons set forth below, the court will GRANT the motion for leave to proceed *in forma pauperis*, DENY the motion for a temporary restraining order and preliminary injunction, and direct Plaintiff to file an amended complaint if she wishes to proceed with this action.

## I.    <u>Motion for Leave to Proceed *in Forma Pauperis*</u>

Upon review of the <u>Motion for Leave to Proceed *in Forma Pauperis*</u> [Doc. No. 2], the court concludes that Plaintiff has adequately demonstrated she is without income or assets to pay the filing fee. Accordingly, the motion is GRANTED.

II.    <u>Review of the Complaint</u>

Because Plaintiff is proceeding *in forma pauperis*, the court may conduct a preliminary review of her Complaint and dismiss the pleading if it fails to state a claim upon which relief may be granted. <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). The court may also *sua sponte* consider relevant jurisdictional issues. <u>See</u> <u>Guillemard-Ginoria v. Contreras-Gomez</u>, 585 F.3d 508, 517-18 (1st Cir. 2009). The court construes Plaintiff's pleading liberally because she is proceeding *pro se*. <u>See</u> <u>Haines v. Kerner</u>, 404 U.S. 519, 520-21 (1972).

To state a claim upon which relief may be granted, a complaint must comply with Rule 8(a)(2) of the Federal Rules of Civil Procedure, <u>see</u> <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007), which requires that a complaint include a "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2). The requirement of a "short and plain" statement of a claim "proscribes the obfuscation of the plaintiff's claims." <u>Kensu v. Corizon, Inc.</u>, 5 F.4th 646, 651 (6th Cir. 2021). "Unnecessary prolixity in a pleading places an unjustified burden on the court and the party who must respond to it because they are forced to select the relevant material from a mass of verbiage." <u>Miranda v. United States</u>, 105 Fed. App'x 280, 281 (1st Cir. 2004) (quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1281, at 522 (2d ed. 1990)).

Plaintiff's typed complaint, which is 254 pages long (excluding 44 pages of exhibits), is coherent and organized, in the proper font, spacing and margins. However, the pleading is not "short and plain." The Complaint contains an enormous quantity of factual allegations which are

unnecessary for a pleading.[1] The court appreciates that should this action proceed, the factual material that Plaintiff discusses in the complaint may be relevant to the ultimate adjudication of Plaintiff's claims. But, at the pleading stage of the litigation, the overlong complaint risks obfuscating Plaintiff's claims and delaying proceedings.

If Plaintiff wishes to pursue this action, she must file an amended complaint that contains "a short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). Plaintiff should carefully consider the required elements for any causes of action that she seeks to bring, and limit her factual allegations to those facts necessary to show that the elements of these causes of action are met.

## III    Motion for Temporary Restraining Order and Preliminary Injunction

In her Motion for Temporary Restraining Order and Preliminary Injunction, Plaintiff asks, *inter alia* that the court "[h]alt the state-level eviction proceedings while Plaintiff's case proceeds in this Court" and "enjoin[] the Defendants from proceeding with the state court eviction because the Plaintiff does not believe she will receive a fair hearing in the Housing Court." [Doc. No. 3 at 12].

"Proceedings in state courts should normally be allowed to continue unimpaired by intervention of the lower federal courts, with relief from error, if any, through the state appellate courts and ultimately [the United States Supreme] Court." Atl. Coast Line R. Co. v. Bhd. of Locomotive Eng'rs, 398 U.S. 281, 287, (1970). The Anti-Injunction Act, 28 U.S.C. § 2283, prohibits the Court from providing the relief Plaintiff seeks. This statute provides: "A court of

---

[1] While a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," Rule 8 "does not require 'detailed factual allegations.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

the United States may not grant an injunction to stay proceedings in a State court except as

expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to

protect or effectuate its judgments." 28 U.S.C. § 2283. The Anti-Injunction Act's "core message

is one of respect for state courts," and it "commands that those tribunals 'shall remain free from

interference by federal courts.'" Smith v. Bayer Corp., 564 U.S. 299, 306 (2011) (quoting

Atlantic Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. 281, 282 (1970)). Put differently, the

Anti-Injunction Act "says that federal courts cannot by injunction govern the conduct of state

litigation," and that "federal courts must abstain from disrupting ongoing state litigation in all the

most extraordinary situations." Mannix v. Machnik, 244 Fed. App'x 37, 39 (7th Cir. 2007).

Here, Plaintiff asks this court to order the Housing Court to stop the summary process

proceeding against Plaintiff. This relief falls squarely within the judicial action prohibited by the

Anti-Injunction Act. Thus, the court DENIES the Motion for Temporary Restraining Order and

Preliminary Injunction. To the extent Plaintiff seeks preliminary injunctive relief that is not

discussed above, Plaintiff may file a renewed motion for preliminary injunctive relief with her

amended complaint.

**IV.    Conclusion**

In accordance with the foregoing, the Court hereby orders:

1.      The Motion for Leave to Proceed *in Forma Pauperis* [Doc. No. 2] is GRANTED.

2.      The Motion for Temporary Restraining Order and Preliminary Injunction [Doc.

No. 3] is DENIED.

3.      If Plaintiff wishes to proceed with this action, she must, within twenty-eight (28)

days file an amended complaint that contains a "a short and plain statement of the claim showing

that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The amended complaint shall not

4

exceed 35 typed pages, doubled-spaced, 12-point font, and 1-inch margins.

IT IS SO ORDERED.

/s/ Indira Talwani
United States District Judge

Dated: October 1, 2025