UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYH'NES HIDIYAH BAKRI, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | * |
| | *   Civil Action No. 1:25-cv-12807-IT |
| CRUZ MANAGEMENT COMPANY, | * |
| INCORPORATED, et al., | * |
| | * |
| Defendants. | * |
| | * |

MEMORANDUM AND ORDER

February 25, 2026

TALWANI, D.J.

Plaintiff Hyh'nes Hidiyah Bakri, proceeding *pro se*, has initiated an action in this court concerning her tenancy at the YMCA of Greater Boston Huntington House from 2019 to the present, including an ongoing summary process regarding this tenancy (the "eviction proceedings") before the Eastern Division of the Commonwealth's Housing Court (the "Massachusetts Housing Court" or the "Housing Court").

In this Memorandum and Order, the court addresses Bakri's Amended Motion for [a] Preliminary Injunction [Doc. No. 27] (the "Amended Motion") against Defendants Young Men's Christian Association of Greater Boston, Inc. (the "YMCA"), its property manager, Cruz Management Company, Inc. ("Cruz Management"), Cruz Management employee Jade Cruz Dennis, and YMCA employee Juanita Darlington-King (collectively, the "YMCA Defendants"). For the reasons set forth below, Bakri's Amended Motion [Doc. No. 27] is DENIED.

I.     Background

On September 19, 2025, Defendant YMCA initiated eviction proceedings against Bakri in the Housing Court for "[f]ailure to vacate pursuant to a lawful Notice Terminating Tenancy." YMCA of Greater Boston, Inc. v. Bakri, 25H84SP005615, Dkt. No. 1, at 1 (Mass. Hous. Ct. Sept. 19, 2025).[1] Ten days later, Bakri filed a Complaint [Doc. No. 1] in this court and an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. No. 3] (the "First Motion for Injunctive Relief").

In the First Motion for Injunctive Relief [Doc. No. 3], Bakri requested that this court (1) "[h]alt[] the state-level eviction proceedings" brought against her in the Housing Court; (2) "[p]revent[] the Defendants from litigating in two courts by consolidating the cases in the federal system"; (3) "[i]nstruct[] [Boston Housing Authority ('BHA') employee] Jessica Rojas and the BHA to immediately reinstate the Plaintiff's subsidy and return her name to the Super Priority waitlist"; (4) "[w]aive[] or set[] a nominal bond amount due to the Plaintiff's indigency"; and (5) "[e]njoin[] the Defendants from proceeding with the state court eviction because the Plaintiff does not believe she will receive a fair hearing in the Housing Court[.]" Id. at 12.

On October 1, 2025, the court denied the First Motion for Injunctive Relief [Doc. No. 3], finding that the relief sought fell "squarely within the judicial action prohibited by the Anti-Injunction Act." Mem. & Order 4 [Doc. No. 5]. That Act provides, in relevant part, that a federal court "may not grant an injunction to stay proceedings in a State court except as expressly

---

[1] "It is well-accepted that federal courts may take judicial notice of proceedings in other courts if those proceedings have relevance to the matters at hand." Rodi v. S. New. Eng. Sch. of L., 389 F.3d 5, 19 (1st Cir. 2004) (quoting Kowalski v. Gagne, 914 F.2d 299, 305 (1st Cir. 1990); see Isijola v. Grasso, 768 F. Supp. 3d 166, 171 (D. Mass. 2025) (taking judicial notice of two Massachusetts state court cases involving the plaintiff). Accordingly, the court takes judicial notice of YMCA of Greater Boston, Inc. v. Bakri, 25H84SP005615 (Mass. Hous. Ct.).

authorized by an Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

On October 9, 2025, Bakri filed her Amended Complaint [Doc. No. 7] and a second Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. No. 8] (the "Second Motion for Injunctive Relief"). The court denied relief as to the temporary restraining order and advised the parties that the motion remained open "as a motion for a preliminary injunction, which . . . the court [would] adjudicate after Defendants . . . responded to the amended complaint and the motion." Order ¶ 1 [Doc. No. 9]. The court also took judicial notice of a related proceeding, YMCA of Greater Boston, Inc. v. Bakri, 21H84CV000490 (Mass. Hous. Ct.), and its corresponding pending appeal, 2025-P-0404 (Mass. App. Ct.), involving Bakri's "continued placing of concerning and improper notes on the exterior of her apartment door and in the common areas." With respect to that case, the court stated that, "[a]s appropriate, the Housing Court's adjudication of that action will have preclusive effect on this litigation." Order ¶ 5 [Doc. No. 9].

On November 20, Bakri filed the pending Amended Motion [Doc. No. 27].[2] On November 25, the court terminated the Second Motion for Injunctive Relief [Doc. No. 8] as superseded by the Amended Motion [Doc. No. 27]. The court denied the Amended Motion [Doc. No. 27] "insofar as Plaintiff seeks emergency relief," Elec. Order [Doc. No. 32], but left Bakri's request for a preliminary injunction under advisement. See id.

---

[2] In the same time period, the YMCA Defendants filed their Special Motion to Dismiss Pursuant to M.G.L. c. 231, § 59H, and Motion to Dismiss Pursuant to Fed. R. Civ. P. 8(a), 12(b)(1) and (6) [Doc. No. 23] and Defendant BHA filed its Motion to Dismiss [Doc. No. 33]. Both motions are pending.

On December 23, 2025, an associate justice of the Housing Court issued a stay order in the eviction proceedings against Bakri where Bakri's federal civil action "asserts claims and defenses which could—but may not—affect" the pending housing court action. YMCA of Greater Boston, Inc. v. Bakri, 25H84SP005615, Dkt. No. 22, at 1–2 (Mass. Hous. Ct. Dec. 23, 2025). In a footnote, the associate justice indicated that she anticipated resolution of "whether [Bakri's] claims remain in the Federal Court . . . in short order[,]" as this court would be required in its assessment of the Amended Motion [Doc. No. 27] to decide "whether the Federal Court Action satisfies the Federal Court's jurisdictional requirements." Id. at 2 n.2. Trial before the Housing Court is scheduled to begin on April 6, 2026. YMCA of Greater Boston, Inc. v. Bakri, 25H84SP005615, Dkt. No. 16, at 3 ¶ 4 (Mass. Hous. Ct. Nov. 20, 2025).

**II.    Discussion**

  A.    *Preliminary Injunctive Relief*

In her Amended Motion [Doc. No. 27], Bakri requests relief nearly identical to that which she sought in her First Motion for Injunctive Relief [Doc. No. 3], described supra, plus the issuance of

> a CEASE AND DESIST ORDER on all further harassing contact from the Defendants, their officers, agents, employees, attorneys, and all persons acting in concert with them–namely, all non-emergency, unlawful actions, including banging on her door, unlawfully attempting to enter her unit, threats of illegal self-help, assault, or unnecessary police involvement.

Am. Mot. at 19 [Doc. No. 27].

In her Amended Complaint [Doc. No. 7], Bakri raises twenty-seven causes of action, at least seven of which involve federal constitutional or statutory claims. But the mere presence of federal claims does not automatically counsel in favor of this court exercising its jurisdiction in the manner Bakri requests in her Amended Motion [Doc. No. 27].

The Younger doctrine, as set forth in Younger v. Harris, 401 U.S. 37 (1971), "counsels federal-court abstention when there is a pending state proceeding[.]" Moore v. Sims, 442 U.S. 415, 423 (1979). Under the Younger doctrine, a court is barred from exercising federal jurisdiction if doing so "would interfere (1) with an ongoing state judicial proceeding; (2) that implicates an important state interest; and (3) that provides an adequate opportunity for the federal plaintiff to advance his federal constitutional challenge." Spaulding v. Bondi, No. 25-cv-12069-AK, 2025 WL 2176156, at *5 (D. Mass. July 31, 2025) (quoting Rossi v. Gemma, 489 F.3d 26, 34–35 (1st Cir. 2007)).

The YMCA Defendants assert, and the allegations in Bakri's filings support, that both Bakri's Amended Complaint [Doc. No. 7] and Amended Motion [Doc. No. 27] arise from, and are intertwined with, the pending eviction proceedings against Bakri in the Housing Court.[3] In granting the preliminary injunction sought by Bakri, then, this court would of necessity be "interfering . . . with an ongoing state judicial proceeding." Rossi, 489 F.3d at 34–35.

---

[3] See Opp'n 4 [Doc. No. 36]; see, e.g., Am. Compl. ¶ 39 [Doc. No. 7] (alleging receipt of a "second tenancy termination notice" on June 30, 2025, setting forth a July 31, 2025 deadline to vacate the premises); id. ¶ 44 (asserting that a defendant "terminate[d] the Plaintiff's [housing] subsidy on July 31, 2025, in a less than three-day notice"); id. ¶ 47 (alleging that Plaintiff was "re-serve[d]" the "tenancy termination notice with an eviction complaint and summons within hours of" receiving notice that Plaintiff had withdrawn her complaint against Defendants with Massachusetts Commission Against Discrimination); Am. Mot. 3–4 [Doc. No. 27] (directing this court to Plaintiff's "Summary Process Answer and Counterclaims filed in the Eastern Housing Court" for a "detailed account" of two defendants' "prior misconduct" and "violations"); id. at 4 (tracing "continued retaliation," in the form of "banging" on Plaintiff's door, to Plaintiff's belief that Defendant Dennis "caused [Plaintiff's housing] subsidy termination out of retaliation when [Plaintiff] did not acquiesce to her demands and threats for invasive financial information"); id. at 13 (asserting that Plaintiff's rent, which she "had not paid . . . in three months[,]" was "demanded in a retaliatory legal document within four days after Jade Dennis had been served both a state and federal complaint").

In substance, Bakri's federal action seeks relief on the basis of claims and defenses that she has already substantially raised in the eviction proceedings, including "[m]alicious retaliation and discrimination[,]" "[r]etaliation when [Bakri] engage[s] in protected activities," "Plaintiff's agent engag[ing] in intentional discrimination[,]" and "[t]horoughly detailed . . . threat of battery, disturbance of quiet enjoyment"—all of which are "detailed in COUNTERCLAIMS" that largely mirror the factual allegations and claims in Bakri's filings before this court. See YMCA of Greater Boston, Inc. v. Bakri, 25H84SP005615, Dkt. No. 6, at ECF 1–2, 8–28 (Mass. Hous. Ct. Oct. 23, 2025); see generally Am. Compl. [Doc. No. 7]. The court thus concludes that, for the purposes of the Younger doctrine, Bakri has, and has been able to meaningfully access, an "adequate opportunity" to advance her claims in the state forum. See Rossi, 489 F.3d at 34–35.

Finally, the court concludes that a preliminary injunction would "implicate an important state interest." Id. Massachusetts undoubtedly has a strong interest in the adjudication of housing matters affecting its citizens, as evidenced by the broad "common law and statutory jurisdiction" vested in the Housing Court by the Commonwealth's Legislature. See M.G.L. c. 185C, § 3 (granting the Housing Court jurisdiction over "all civil actions" involving that which "is concerned directly or indirectly with the health, safety, or welfare, of any occupant[,]" "the possession, condition, or use of any particular housing accommodations[,]" and "all housing problems, including all contract and tort actions which affect the health, safety, and welfare of the occupants or owners thereof, arising within and affecting residents"); accord Coggeshall v. Mass. Bd. of Registration of Psychs., 604 F. 3d 658, 664–65 (1st Cir. 2010) ("[I]t needs little embellishment to establish that the state has a profound interest in the licensure of health-care professionals . . . and the maintenance of appropriate standards of practice for such professionals."). Accordingly, where all relevant criteria have been met, the Younger doctrine

6

counsels this court to abstain from granting the relief Bakri requests in her Amended Motion [Doc. No. 27].

Bakri disagrees, citing to the "bad faith/harassment exception to the Younger abstention doctrine." Id. at 19. While she is correct that there are exceptions to the Younger doctrine, these exceptions "have been very narrowly construed[.]" Bettencourt v. Bd. of Registration in Medicine of Com. of Mass., 904 F.2d 772, 779 (1st Cir. 1990) (quoting United Books, Inc. v. Conte, 739 F.2d 30, 34 (1st Cir. 1984)). As relevant here, one such exception arises when the ongoing state proceeding at issue "is brought in bad faith, that is, for the purpose of harassment." Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192 (1st Cir. 2015). If the "bad faith" exception applies in this case, as Bakri asserts, abstention by this court is inappropriate. See id.

Bakri claims the pending eviction proceedings are "not a legitimate state proceeding, but . . . an engine of retaliation and . . . coercion to force [Bakri] to abandon her federal rights." Am. Mot. 19 [Doc. No. 27]. But Bakri's underlying factual allegations do not indicate that Defendant YMCA initiated the eviction proceedings without a colorable basis to do so or despite knowing Bakri's conduct was not a plausibly sufficient justification for eviction. See, e.g., Amadi v. Dep't of Children & Families, 245 F. Supp. 3d 316, 322 (D. Mass. 2017) (no bad faith where defendant terminated plaintiff's visits with his children not to harass him, but because of "plaintiff's erratic and irrational behavior" and plaintiff's failure to request reinstatement of these visits); H.P. Hood, Inc. v. Comm'r of Agric., Food, & Rural Res., 764 F. Supp. 662, 679 (D. Me. 1991) (no bad faith where plaintiff did not "suggest" state court proceedings were initiated "with no expectation or without hope of being successful" on the claim asserted or with the knowledge "that [plaintiff's] conduct did not violate the statute" (quotations omitted)); cf. Kugler v. Helfant, 421 U.S. 117, 126 n.6 (1975) (with respect to a pending criminal case, "'bad faith' in this context

7

generally means that a prosecution has been brought without a reasonable expectation of obtaining a valid conviction"). Where, for example, the eviction proceedings were allegedly initiated in part because Bakri "failed to provide all of the necessary documentation to complete . . . annual recertification" as required under her Occupancy Agreement, see YMCA of Greater Boston, Inc. v. Bakri, 25H84SP005615, Dkt. No. 2, at 1–2 (Mass. Hous. Ct. Sept. 19, 2025), and where Bakri's own filings contain factual allegations consistent with her failure to do so,[4] this court cannot conclude that the eviction proceedings were groundlessly brought.

As with Bakri's First Motion for Injunctive Relief [Doc. No. 3], the court is thus left to determine whether the relief sought in Bakri's Amended Motion [Doc. No. 27] is prohibited under the Anti-Injunction Act, 28 U.S.C. § 2283. The "core message" of the Act "is one of respect for state courts," such that it "commands that those tribunals 'shall remain free from interference by federal courts.'" Smith v. Bayer Corp., 564 U.S. 299, 306 (2011) (quoting Atlantic Coast Line R. Co. v. Locomotive Eng'rs, 398 U.S. 281, 282 (1970)). The Anti-Injunction Act thus "says that federal courts cannot be govern the conduct of state litigation" and confirms that "federal courts must abstain from disrupting ongoing state litigation in all but the most extraordinary situations." Mannix v. Machnik, 244 Fed. App'x 37, 39 (7th Cir. 2007).

Where Bakri again asks this court to order the Massachusetts Housing Court to halt the

---

[4] See, e.g., Am. Compl. ¶ 31 [Doc. No. 7] (alleging that, on February 20, 2025, Defendant Dennis "start[ed] demanding a year of the Plaintiff's very detailed financial information for an ambiguous reason and threatens a retaliatory '30-day notice to vacate' if the information is not provided posthaste"); id. ¶ 35 (alleging that, on May 29, 2025, Dennis "demand[ed] four more years of the Plaintiff's sensitive financial information, including ATM receipts, for a shifting and ambiguous reason, backed by an ambiguous, retaliatory threat"); id. ¶ 39 (alleging that, on June 30, 2025, Dennis, "acting as agent for the YMCA of Greater Boston, serve[d] the Plaintiff her second tenancy termination notice since August 10, 2022, for 'material non-compliance'–i.e., for not acquiescing to demands and threats for five years of detailed financial information for an ambiguous purpose. July 31, 2025, is the deadline to vacate the premises.").

8

eviction proceedings against her, the relief she seeks is within the ambit of the Anti-Injunction Act's prohibitions. Bakri's Amended Motion [Doc. No. 27] is therefore DENIED in its entirety.

B.  *Pendency of State Proceedings*

When a court abstains on the basis of the Younger doctrine, the immediate consequence for a litigant's claims depends on the type of relief sought. See Rossi, 489 F.3d at 37; Martinez v. Murillo, No. 1:25-cv-11667-JEK, 2025 WL 2108907, at *3 (D. Mass. July 28, 2025). As another session of this court has recently explained,

> Under the Younger abstention doctrine . . . claims for injunctive and declaratory relief are treated differently than claims for damages. While it is appropriate to dismiss "claims insofar as they seek equitable relief," damages claims should "ordinarily be stayed "pending the completion of state court proceedings" because those proceedings typically "cannot redress [such] claims for monetary relief."

Martinez, 2025 WL 2108907, at *3 (quoting Rossi, 489 F.3d at 37–38).

With this distinction in mind, Bakri's claims for injunctive relief, declaratory relief, and "any equitable relief that is deemed just and fair" against the YMCA Defendants, see Am. Compl. 35 [Doc. No. 7], will be DISMISSED for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

Bakri asserts the same claims for injunctive, declaratory, other equitable, and monetary relief against Defendant BHA. See Am. Compl. 35 [Doc. No. 7]. Where Bakri's claims against this Defendant for injunctive relief also arise from the pending Housing Court proceedings,[5] and

---

[5] See, e.g., YMCA of Greater Boston, Inc. v. Bakri, 25H84SP005615, Dkt. No. 6, at ECF 10 (Mass. Hous. Ct. Oct. 23, 2025) (alleging that Defendant Dennis "retaliated within two weeks [of Bakri filing complaints with the Boston Housing Authority and HUD] by conspiring with BHA's Jessica Rojas to issue [Bakri] a less than three-day notice terminating her housing subsidy"); id. at ECF 17 (asserting a violation of M.G. L. c. 93A, § 2, where "Jade Dennis and Cruz Management Company conspired with BHA and Jessica Rojas to terminate [Bakri's] housing subsidy on the same day she was expected to vacate the premises"); Am. Compl. ¶ 41 [Doc. No. 7] (alleging that, on July 8, 2025, Defendant Dennis "contact[ed] BHA," through an attorney, "about Bakri's July 31, 2025, tenancy termination deadline"); id. at 13–14 (claiming that Defendant Boston Housing Authority has violated, inter alia, 42 U.S.C. § 1983, the First

where it is likewise appropriate for the court to abstain from rendering a decision as to this Defendant during the pendency of those proceedings, the claims for injunctive relief in the Amended Complaint [Doc. No. 7] ] will be DISMISSED as to Defendant BHA for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(h)(3).

To the extent Bakri's claims seeking monetary damages survive the YMCA Defendants and BHA's pending Motions to Dismiss [Doc. Nos. 23, 33], further proceedings will be STAYED pending completion of the underlying Housing Court proceedings. See Martinez, 2025 WL 2108907, at *3.

### III.   Conclusion & Order

For the foregoing reasons, Bakri's Amended Motion for an Emergency Temporary Restraining Order and Preliminary Injunction [Doc. No. 27] is DENIED in its entirety.

Bakri's Amended Complaint [Doc. No. 7] is DISMISSED insofar as she seeks injunctive, declaratory, and other equitable relief as to the YMCA Defendants and Defendant BHA. The motions to dismiss filed by the YMCA Defendants and Defendant BHA remain under advisement. To the extent any of Bakri's claims for damages survive those motions, this action will be STAYED pending completion of the above-referenced proceedings in the Massachusetts Housing Court.

---

Amendment, the Fourth Amendment, the Fourteenth Amendment, 42 U.S.C. § 2000d, and 42 U.S.C. §§ 3601–3619 via conduct undertaken with the YMCA Defendants or under a theory of vicarious liability); see also Mem. ISO Mot. to Dismiss 2 [Doc. No. 37] (recounting that "on or about June 18, 2025, the BHA issued written notice to Plaintiff regarding the proposed termination of Plaintiff's housing subsidy due to failure to complete the annual recertification process) id. at 2–3 (alleging that, after Bakri did not seek a hearing or "otherwise appeal the proposed termination" by the stated deadlines, "on or about July 28, 2025, the BHA issue final written notice confirming that Plaintiff's housing subsidy would be terminated effective July 31, 2025").

IT IS SO ORDERED.

February 25, 2026                              /s/ Indira Talwani
                                               United States District Judge