UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| HYH'NES HIDIYAH BAKRI, | * |
| | * |
| Plaintiff, | * |
| | * |
| v. | *   Civil Action No. 1:25-cv-12807-IT |
| | * |
| CRUZ MANAGEMENT COMPANY, INCORPORATED, et al., | * |
| | * |
| | * |
| Defendants. | * |

MEMORANDUM AND ORDER

February 25, 2026

TALWANI, D.J.

Plaintiff Hyh'nes Hidiyah Bakri, proceeding *pro se*, has initiated an action in this court against multiple Defendants. In this Memorandum and Order, the court addresses Bakri's Request for Clerk's Entry of Default [and] Motion for Default Judgment [Doc. No. 35] and related issues concerning service.

**I.     Background**

On September 29, 2025, Bakri filed a Complaint [Doc. No. 1] against Cruz Management Company, Inc. ("Cruz Management") and others. On October 1, 2025, the court granted Bakri leave to proceed *in forma pauperis* but directed her to file an amended complaint. Mem. & Order 4–5 [Doc. No. 5].

On October 9, 2025, Bakri filed her Amended Complaint [Doc. No. 7] naming multiple Defendants, including, as relevant here, Rosa Caraballo, Krystal Gately, Jessica Rojas, Ben Sostek, Soraya Dominguez, and the Boston Housing Authority (the "BHA"). Summonses were issued on October 21, 2025, and the court advised Bakri that service must be completed within ninety days. Order ¶ 4 [Doc. No. 9]; see also Notice to Pl. [Doc. No. 10] (providing a copy of

Local Rule 7.1 to Bakri). The U.S. Marshals Service subsequently filed receipts attesting to service at the addresses provided by Bakri as to Caraballo and Gately on October 29, 2025, and as to BHA, Rojas, Sostek, and Dominguez on November 4, 2025. See U.S. Marshal Process Receipt and Return [Doc. Nos. 13, 14, 15, 18, 21, 22].

On November 17, 2025, Cruz Management's counsel informed Bakri via email that Gately and Caraballo "no longer work at Cruz and therefore service has not been properly made." Am. Mot. for Preliminary Injunction, Ex. 7, at ECF 1 [Doc. No. 27-7]. A November 18, 2025 filing by Cruz Management and certain other Defendants (but not Defendants Caraballo and Gately) also noted that Caraballo and Gately "are former employees of Cruz Management . . . and do not appear to have been properly served as of the time of the filing of this Motion. Plaintiff attempted to effectuate service at the address of their former employer." Cruz Mgmt. Defs' Special Mot. to Dismiss [Doc. No. 23].

In a subsequent filing, Bakri acknowledged receipt of the November 17, 2025 email and stated that she performed an "email test" to confirm Caraballo and Gately were no longer employed by Cruz Management by sending messages to their workplace email addresses. Am. Mot. ¶ 12 [Doc. No. 27]. Bakri "confirm[ed]" that Gately no longer worked for the company where Bakri's email to Gately resulted in "an immediate automated reply." Id. Bakri stated further that she received no such reply from Caraballo's email account but acknowledged that she "understands that this email test does not definitively disprove the claim that Rosa M. Caraballo is no longer a Cruz Management Company employee." Id. The docket reflects no efforts by Bakri to re-serve Caraballo and Gately.

2

On December 1, 2025, the BHA filed its pending Motion to Dismiss [Doc. No. 33].[1] Also on December 1, Bakri filed her Default Motion [Doc. No. 35], in which she alleged that Defendants BHA, Jessica Rojas, Soraya Dominguez, and Benjamin Sostek were "officially served by the United States Marshal on November 4, 2025" but failed to respond. Id. at 2.

## II.     Discussion

### A.     *Defendants Carabello and Gately*

Where a defendant is not served within ninety days after summonses are issued, the Federal Rules of Civil Procedure direct that "the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). If, however, a plaintiff "shows good cause for the failure, the court must extend the time for service for an appropriate period." Id. Local Rule 4.1, in turn, provides that "[i]f on the 14th day following the expiration of the ninety (90) day period good cause has not been shown [by motion for enlargement of time], the clerk shall forthwith automatically enter an order of dismissal for failure to effect service of the process[.]"

Here, summonses issued on October 21, 2025, and needed to be served within ninety days, or by January 19, 2026. Although Plaintiff attempted to direct service on Defendants Carabello and Gately at their workplace, see Carabello Process Receipt & Return [Doc. No. 21] (providing Cruz Management office address in Boston, Massachusetts); Gately Process Receipt & Return [Doc. No. 22] (same), that attempt failed, as they were no longer at that address at the time of attempted service. See Cruz Mgmt. Mem. ISO Mot. to Dismiss 1 n.1 [Doc. No. 24]; see also Am. Mot., Ex. 7, at ECF 1 [Doc. No. 27–7] (email from Cruz Management's counsel

---

[1] Defendant's Motion will be addressed in a separate order.

3

informing Bakri that, at least as of November 17, 2025, Gately and Caraballo "no longer work at Cruz [Management]"). Bakri apparently took note, as she acknowledged receipt of the aforementioned e-mail from Cruz Management's attorney in a later filing, see Am. Mot. ¶ 12 [Doc. No. 27], and did not include Gately and Caraballo in her subsequent Default Motion [Doc. No. 35].

Where Bakri has provided no cause for the failure to timely serve Caraballo and Gately within the ninety days required for service under Federal Rule of Civil Procedure 4(m) or under the fourteen-day grace period set forth in Local Rule 4.1, these two Defendants are dismissed from the action without prejudice.

> B. *Defendants Rojas, Dominguez, and Sostek*

Bakri asks this court to direct the clerk to enter default against Defendants Jessica Rojas, Soraya Dominguez, and Benjamin Sostek and for the court to enter default judgment. See Default Mot. 2 [Doc. No. 35].

Under Rule 4(e) of the Federal Rules of Civil Procedure, service of process on an individual within a judicial district in the United States may be effectuated by:

> (A) delivering a copy of the summons and of the complaint to the individual personally;
>
> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>
> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e)(2). In the alternative, service may be effectuated as authorized by the law of the state in which this court is located. Fed. R. Civ. P. (4)(e)(l). Accordingly, under Massachusetts law, an individual may be served

> by delivering a copy of the summons and of the complaint to him personally; or by leaving copies thereof at his last and usual place of abode; or by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by

4

statute to receive service of process, provided that any further notice required by such statute be given.

Mass. R. Civ. P. 4(d)(1).

Here, Bakri provided the U.S. Marshals Service with Rojas, Dominguez, and Sostek's purported work address rather than their home addresses. See Am. Compl. 2 [Doc. No. 7] (alleging that Rojas, Dominguez, and Sostek hold various positions with the BHA); Rojas Process Receipt & Return [Doc. No. 15] (indicating the summons and complaint were delivered to the front desk of the BHA's office in Boston, Massachusetts); Sostek Process Receipt & Return [Doc. No. 14] (same); Dominguez Process Receipt & Return [Doc. No. 13] (same). Where Bakri has made no showing that the BHA was the authorized agent for service of process as to these individuals, and where service of individuals at their place of employment is not otherwise authorized under the applicable rules, the court finds that Rojas, Dominguez, and Sostek were not properly served. See Fed. R. Civ. P. 4(e)(2); Mass. R. Civ. P. 4(d)(1); see also Hewes v. Pangburn, 162 F.4th 177, 199–200 (1st Cir. 2025) (finding service improper where plaintiff attempted to serve an individual police officer by delivering summons to the sergeant authorized to accept service on behalf of the police department). Bakri's Default Motion [Doc. No. 35] is therefore denied.

Where Bakri is proceeding *pro* se, and where her belief that service was effective appears to have been a good faith mistake, the court finds good cause to allow Bakri an additional thirty days to properly serve Defendants Rojas, Dominguez, and Sostek. Failure to complete service within thirty days will likely result in the dismissal of this action without prejudice as to Defendants Rojas, Dominguez, and Sostek.

    D.    *Defendant Boston Housing Authority*

Bakri's Default Motion [Doc. No. 35] also seeks entry of default against Defendant BHA. See id. at 2–4. Bakri is correct that BHA's responsive pleading was several days late. But where a clerk's entry of default, let alone the court's entry of default judgment, had not yet entered when BHA filed its responsive pleading, the court will not default BHA based on its late filing.[2]

### III.    Conclusion & Order

For the foregoing reasons, Bakri's Request for Clerk's Entry of Default [and] Plaintiff's Motion for Default Judgment [Doc. No. 35] is DENIED. If Bakri seeks to proceed against Defendants Dominguez, Rojas, or Sostak, she shall arrange for service within the next thirty days in accordance with Federal Rule of Civil Procedure 4.

Bakri's Amended Complaint [Doc. No. 7] is DISMISSED without prejudice as to Defendants Caraballo and Gately.

IT IS SO ORDERED.

February 25, 2026                          /s/ Indira Talwani
                                                    United States District Judge

---

[2] Bakri asserts further that BHA's Motion to Dismiss [Doc. No. 33], which was electronically docketed at 2:29 p.m., "was filed within three hours of the Plaintiff filing her Request for Clerk's Entry of Default and Motion for Default Judgment[.]" Pl.'s Reply to Mot. to Dismiss 3 [Doc. No. 39]. Bakri is technically correct, as her motion was time-stamped by the clerk's office at 12:05 p.m. But BHA would not have received her motion until it was electronically docketed on December 2, 2025, and thus the BHA's pleading was not filed in response to Bakri's filing.