UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HYH'NES HIDIYAH BAKRI, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | |
| | * | Civil Action No. 1:25-cv-12807-IT |
| CRUZ MANAGEMENT COMPANY | * | |
| INCORPORATED, et al., | * | |
| | * | |
| Defendants. | * | |
| | * | |

MEMORANDUM & ORDER DENYING PLAINTIFF'S OMNIBUS MOTION

May 26, 2026

TALWANI, D.J.

For the reasons that follow, Plaintiff Hyh'nes Hidiyah Bakri's Omnibus Motion to Vacate Dismissal of Defendants Rojas, Dominguez, and Sostek, Motion for Limited Discovery, and Motion for Leave to Issue a Subpoena to Boston Housing Authority Individual Defendants [Doc. No. 54] is DENIED.

## I.    Background

This action was filed on September 29, 2025, and summonses were issued on October 21, 2025. At that time, the court advised Bakri that "[s]ervice must be completed within ninety days of the date the summonses issues." See Order ¶ 4 [Doc. No. 9]; see also Notice to Pl. [Doc. No. 10] (providing a copy of Local Rule 4.1 to Bakri). The court further advised Bakri that "[f]ailure to complete service in a timely fashion may result in dismissal of this action without prior notice to Plaintiff." Order ¶ 4 [Doc. No. 9] (citing Fed. R. Civ. P. 4(m) and L.R. 4.1).

On December 1, 2025, Bakri filed a Motion for Default Judgment [Doc. No. 35] asserting, inter alia, that Defendants Jessica Rojas, Soraya Dominguez, and Benjamin Sostek were "officially served by the United States Marshal on November 4, 2025." Id. ¶ II.1.

On February 25, 2026, in a detailed <u>Memorandum and Order</u> [Doc. No. 47], the court denied Plaintiff's motion and explained that service was insufficient where Bakri had provided the U.S. Marshals Service with Rojas, Dominguez, and Sostek's purported work addresses, rather than their home addresses, and the relevant summons were delivered to the front desk of their employer's office without a showing that the employer was an authorized agent for service of process for these individuals. <u>See</u> Mem. & Order 5–6 [Doc. No. 47] (citing, <u>inter alia</u>, Fed. R. Civ. P. 4 and Mass. R. Civ. P. 4). The court allowed Bakri an additional thirty days to properly serve Defendants Rojas, Dominguez, and Sostek, but warned that "[f]ailure to complete service within thirty days w[ould] likely result in the dismissal of this action without prejudice as to Defendants Rojas, Dominguez, and Sostek." <u>Id.</u> at 5.

Over the next seventy-eight days, the docket reflected no efforts by Bakri to serve Rojas, Dominguez, or Sostek, or to request additional time for such service.

On May 14, 2026, the court dismissed Rojas, Sostek, and Dominguez from this action without prejudice where Bakri did not effectively serve these individuals within the time period set forth in Federal Rule of Civil Procedure 4 or make any attempt to serve them after Bakri was granted an extension and warned about the consequences of failing to serve these Defendants. <u>See</u> Mem. & Order 2 [Doc. No. 53].

**II.    The Pending Motion**

In her <u>Omnibus Motion</u> [Doc. No. 54], Bakri seeks both a third opportunity to serve Rojas, Sostek, and Dominguez, and to compel Defendant Boston Housing Authority ("BHA") to provide her with "the last known home addresses and contact information of the Named Individual Defendants from [BHA] . . . and/or their current employer for the purpose of completing service of process" via a subpoena or "limited" discovery. <u>Id.</u> at ECF 2.

Under Federal Rule of Civil Procedure 4(m),

2

> If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

(emphasis added). Where Bakri has provided no explanation of her failure to properly serve Rojas, Sostek, and Dominguez in the first ninety days or to re-attempt service during the thirty-day extension allowed by the court on February 25, 2026, she has failed to show "good cause" for the failure, as required under Rule 4(m).

## III.    Conclusion

For the foregoing reasons, Bakri's Omnibus Motion [Doc. No. 54] is DENIED.

IT IS SO ORDERED.

May 26, 2026                                            /s/ Indira Talwani
                                                       United States District Judge

3