UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HYH'NES HIDIYAH BAKRI, Plaintiff, | * | |
| v. | * | Civil Action No. 1:25-cv-12807-IT |
| CRUZ MANAGEMENT COMPANY INCORPORATED, et al., Defendants. | * | |

MEMORANDUM & ORDER

August 14, 2026

TALWANI, D.J.

Plaintiff Hyh'nes Hidiyah Bakri's Amended Complaint [Doc. No. 7] asserted claims against Defendants Young Men's Christian Association of Greater Boston, Inc. ("YMCA"), Cruz Management Company, Inc. ("Cruz Management"),[1] Jade Cruz Dennis, and Juanita Darlington-King (collectively, the "YMCA Defendants") and against the Boston Housing Authority ("BHA").

On May 26, 2026, the court granted the YMCA Defendants' Motion to Dismiss [Doc. No. 23], see Mem. & Order [Doc. No. 63] ("YMCA Mem. & Order"), and granted BHA's Motion to Dismiss [Doc. No. 33] in part, denied it in part, and converted it as to Counts 1 and 5 of the Amended Complaint [Doc. No. 7] to a motion for summary judgment, see Mem. & Order

---

[1] Plaintiff also lists as Defendants John B. Cruz, III, as President of Cruz Management, and David Shapiro, as CEO and President of the YMCA. Id. at 2. Cruz and Shapiro were not included in the caption or as parties on the court's docket. The docket also does not reflect the issuance or service of a summonses as to either individual.

[Doc. No. 65] ("BHA Mem. & Order"). The converted motion as to Counts 1 and 5 against BHA remains under advisement.

On June 9, 2026, Plaintiff filed a Motion for Leave to File a Second Amended Complaint [Doc. No. 72]. The court will address the Motion [Doc. No. 72] as to BHA separately. Here, the court addresses the Motion [Doc. No. 72] as to the YMCA Defendants only.[2]

For the reasons set forth below, Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 72] is DENIED as to the YMCA Defendants.

## I. Discussion

### A. *Background*

The court has summarized the factual allegations and procedural travel of this dispute in several prior orders, including in the YMCA Memorandum and Order [Doc. No. 63], and incorporates that background here by reference.[3]

---

[2] The YMCA Defendants filed both an Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. No. 74] and an Amended Opposition to Plaintiff's Motion for Leave to File Second Amended Complaint [Doc. No. 84], reportedly "to correct a citation" and "accurately reflect the authority supporting Defendants' position." See Am. Opp'n to Pl.'s Mot. for Leave 1 [Doc. No. 84]. Plaintiff has moved to strike the Amended Opposition [Doc. No. 74] as filed without leave of court. Mot. to Strike . . . Amended Opposition [Doc. No. 87]. The proper method of correcting the citation would have been to file a one paragraph errata or seek leave of court, rather than to refile a 9-page brief with 91 pages of attachments. Accordingly, Plaintiff's Motion to Strike [Doc. No. 87] is granted as to the YMCA Defendants' Amended Opposition [Doc. No. 84].

[3] The court briefly addresses Plaintiff's confusion as to the status of her claims against the YMCA Defendants. In her Motion for Leave to File a Second Amended Complaint [Doc. No. 72], Plaintiff states that she "is trying to follow the orders of [the court's] June 8, 2026, electronic notice, but . . . is confused because she understood that only her Boston Housing Authority claims remained before this Court." Mot. for Leave 2 [Doc. No. 72]. That understanding was correct. In her Reply [Doc. No. 75] to the YMCA Defendants' Opposition [Doc. No. 74], however, Plaintiff asserts that the YMCA Defendants' "claim [that] the Court dismissed the entire operative Complaint" is a "material misstatement of fact" because "[t]he Court dismissed only certain limited claims on May 26, 2026." Reply Br. to Defs.' Opp'n Re: Mot. for Leave to File Second Am. Compl. 1 [Doc. No. 75]. This understanding is incorrect.

B. *Legal Standard*

A party may amend its pleadings once as a matter of course within twenty-one days of serving it or within twenty-one days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the consent of the other party or leave of the court. Fed. R. Civ. P. 15(a)(2).

Under Rule 15(a)(2), leave to amend a pleading should be "freely give[n] when justice so requires." Nevertheless, a motion for leave to amend may be denied in cases of (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).

C. *Analysis*

In her Proposed Second Amended Complaint [Doc. No. 72-1], Plaintiff asserts seventeen claims, all of which are directed at some configuration of the YMCA Defendants. See id. at 14–26.[4] For the reasons that follow, the court finds that permitting Plaintiff to amend in the manner she proposes would be futile.

---

As to the YMCA Defendants, the court dismissed all of Plaintiff's claims in the operative Amended Complaint [Doc. No. 7] in the May 26, 2026 YMCA Memorandum and Order [Doc. No. 63]. Counts 8, 10–13, 15–16, 18–19, and 22–25 were dismissed without prejudice. YMCA Mem. & Order 32 [Doc. No. 63]. But, where these state law claims were dismissed because the court declined to exercise supplementary jurisdiction over them pursuant to 28 U.S.C. § 1367(c)(3), their dismissal "without prejudice" was not an invitation for Plaintiff to reassert them in this matter, absent a development in the jurisdictional aspects of the case. Instead, the dismissal of Counts 8, 10–13, 15–16, 18–19, and 22–25 "without prejudice" permits Plaintiff to assert these state claims in a state forum if she wishes, as this court has not adjudicated them on the merits.

[4] In the "Parties" section of the Proposed Second Amended Complaint [Doc. No. 72-1], Plaintiff again lists John B. Cruz, III, and David Shapiro, but makes no mention of them in the Motion for Leave to File a Second Amended Complaint [Doc. No. 72]. Plaintiff has not served these individuals with summonses or the operative Amended Complaint [Doc. No. 7]; has not listed or referred to them in filings that she otherwise captioned with individual defendants' names, see, e.g., Suppl. Aff. 1 [Doc. No. 43]; Third Status Report 1 [Doc. No. 41]; Status Update 1 [Doc.

In the context of a motion for leave to amend under Rule 15(a), the First Circuit instructs that "if a 'proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend.'" 3137, LLC v. Town of Harwich, 126 F.4th 1, 16 (1st Cir. 2025) (quoting Abraham v. Woods Hole Oceanographic Inst., 553 F.3d 114, 117 (1st Cir. 2009)); see Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996) (stating that "'[f]utility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted.").

The court begins with the sole count in Plaintiff's Proposed Second Amended Complaint [Doc. No. 72-1] plausibly construed as asserting a federal claim: "Unfair and Deceptive Housing Practices / Low-Income Housing Tax Credit [LIHTC] Fraud" (Count 17), in violation of "M[ass.] G[en.] L. c. 93A, § 2[, and] 26 U.S.C. § 42[.]" Id. at 25–26. Plaintiff directs this claim at three YMCA Defendants (Jade Dennis, Cruz Management, and YMCA). Id. at 25.

The federal statute to which Plaintiff refers, 26 U.S.C. § 42, is part of the Internal Revenue Code and, in broad terms, "provides for tax credits designed to encourage investment in

No. 40]; Reply 1 [Doc. No. 39]; Req. for Clerk's Entry of Default 1 [Doc. No. 35]; Not. of Suppl. Facts 1 [Doc. No. 34]; Am. Opp'n to Defs.' Mot. to Dismiss for Failure to State a Claim 1 [Doc. No. 31]; Opp'n to Defs.' Mot for Extension of Time 1 [Doc. No. 30]; Am. Mot. for an Emergency TRO & Prelim. Inj. 1 [Doc. No. 27]; did not list or reference them in her previously-denied Motion for Leave to File a Second Amended Complaint [Doc. No. 55] and accompanying Supplement for Leave to Amend Complaint [Doc. No. 62]; and did not refer to them when she sought to serve or re-serve several previously named, but improperly served, individual defendants, see Omnibus Mot. to Vacate Dismissal of Defs. Rojas, Dominguez, and Sostek 1–2 [Doc. No. 54]. Accordingly, where this case has proceeded without Cruz or Shapiro for approximately ten months, and where Plaintiff has never formally alerted the court of any intention for Cruz and Shapiro to be included in this case, the court will not add them as parties now. See Villanueva v. United States, 662 F.3d 124, 127 (1st Cir. 2011) (denial of amendment appropriate where plaintiff waited four months after filing complaint to seek to add defendants even though plaintiff was "well aware of [their] involvement . . . before he filed suit" and offered no justification for not seeking their inclusion earlier on).

low-income housing." Jardin De Las Catalinas Ltd. P'ship v. Joyner, 766 F.3d 127, 130 (1st Cir. 2014). As the YMCA Defendants assert in their Opposition [Doc. No. 74], the statute does not provide for the private right of action Plaintiff seeks to bring. Id. at 7.

The statutory language of 26 U.S.C. § 42 reveals no express private right of action permitting an individual residing in an LIHTC-recipient property to sue the private owner or operator of that property. Plaintiff has also not cited any authority or developed any argument indicating that 26 U.S.C. § 42 can be construed as creating such a private right of action by implication, nor is the court aware of any such authority. See Gonzaga Univ. v. Doe, 536 U.S. 273, 284 (2002) ("[E]ven where a statute is phrased in such explicit rights-creating terms, a plaintiff suing under an implied right of action still must show that the statute manifests an intent 'to create not just a private right but also a private remedy.'" (quoting Alexander v. Sandoval, 532 U.S. 275, 286 (2001)); accord Iliff v. Dominium Mgmt. Servs., LLC, 560 F. Supp. 3d 1276, 1281 (D. Minn. 2021) (finding no federal jurisdiction over tenants' claims regarding landlord's alleged collection of parking payments in violation of the LIHTC statute). In cases where tenants of LIHTC-recipient properties have proceeded against property owners or operators in federal court, such suits have alleged constitutional due process violations or were brought under the court's diversity jurisdiction over tort and contract claims related to, but not arising under, the statute.[5]

---

[5] See, e.g., Wells v. Pennrose Mgmt. Co., 753 F. Supp. 3d 432, 436–37 (D. Md. 2024) (tenants of LIHTC-recipient property sued for, inter alia, negligence, breach of the warranty of habitability, breach of contract, and breach of covenant between the property and state housing agency made in reference to the LIHTC program requirements); Tuttle v. Front St. Affordable Hous. Partners, 478 F. Supp. 3d 1030, 1038 (D. Haw. 2020) (current and prospective tenants sued owner of LIHTC-recipient property for, inter alia, breach of declaration of restrictive covenants between the state and the property owner, violation of due process under Hawai'i's state constitution, and violation of due process under the Fourteenth Amendment).

Accordingly, Plaintiff's proposed claim under 26 U.S.C. § 42 in the Proposed Second Amended Complaint [Doc. No. 72-1] would not permit the court to exercise federal question jurisdiction. The court would also lack diversity jurisdiction over the case, as Plaintiff alleges in the Proposed Second Amended Complaint [Doc. No. 72-1] that all parties are located in Massachusetts. Id. at 2. Thus, allowing Plaintiff to amend her operative complaint as she proposes would serve no purpose, as the court still could not exercise jurisdiction over the resulting case.

## II. Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike [Do. No. 87] is GRANTED as to the YMCA Defendants' Amended Opposition [Doc. No. 84]. Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 72] is DENIED as to the YMCA Defendants. Where no live claims are pending as to the YMCA Defendants, the court will consider a motion by Plaintiff or the YMCA Defendants for entry of separate final judgment under Federal Rule of Civil Procedure 54(b).

IT IS SO ORDERED.

August 14, 2026

/s/ Indira Talwani
United States District Judge