UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| HYH'NES HIDIYAH BAKRI, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. 1:25-cv-12807-IT |
| CRUZ MANAGEMENT COMPANY INCORPORATED, et al., | * | |
| Defendants. | * | |

MEMORANDUM & ORDER

August 14, 2026

TALWANI, D.J.

Plaintiff Hyh'nes Hidiyah Bakri has filed an Emergency Motion for a Temporary Restraining Order and Preliminary Injunction Against the YMCA of Greater Boston Defendants [Doc. No. 80] ("Emergency Motion"), in which she asks the court to "issue an immediate emergency injunction to freeze the TRO proceedings" in a recently filed Massachusetts Housing Court case, YMCA of Greater Boston, Inc. v. Bakri, No. 26H84CV000301 (Mass. Hous. Ct.).

Plaintiff has also filed a Factual Notice Re: Extreme Prejudice in State Forums and Explicit Request for Main Jurisdiction Over All Claims in This Court [Doc. No. 79] ("Factual Notice"), in which she requests that the court "keep and hear the claims against the YMCA of Greater Boston and Cruz Management Company Defendants [the "YMCA Defendants"] that were dismissed without prejudice on May 26, 2026, along with the new 2025 to present-day federal tax credit fraud claims in her June 9, 2026 Motion for Leave to File a Second Amended Complaint [Doc. No. 72]" and "reconsider a First Amendment claim for 2026." Factual Notice 1 [Doc. No. 79].

For the reasons that follow, the court DENIES the Emergency Motion [Doc. No. 80] and the Factual Notice [Doc. No. 79].

## I. Plaintiff's Emergency Motion

On May 26, 2026, the court dismissed Plaintiff's claims then pending claims against the YMCA Defendants. See YMCA Mem. & Order [Doc. No. 63]. The court has also denied Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 72], which sought to reassert Plaintiff's previously dismissed state law claims and "the present-day federal tax credit fraud claims" to which Plaintiff refers in her Emergency Motion [Doc. No. 80]. Where Plaintiff has no pending claims against the YMCA Defendants, there is no basis on which the court may grant Plaintiff preliminary relief as to the YMCA Defendants. Accord Devose v. Herrington, 42 F.3d 470, 471 (8th Cir. 1994) ("[A] party moving for a preliminary injunction must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint.").

Even if Plaintiff's claims against the YMCA Defendants remained live, the court lacks the jurisdiction to "freeze the TRO proceedings" against Plaintiff in the Massachusetts Housing Court. As the court has repeatedly ruled in this case, this court is prohibited from enjoining or otherwise interfering in proceedings in the Massachusetts Housing Court. See Elec. Order [Doc. No. 69]; Feb. 25, 2026 Mem. & Order 8–9 [Doc. No. 46]; Oct. 1, 2025 Mem. & Order 5 [Doc. No. 5]. This extends to both the pending eviction proceedings against Plaintiff, see YMCA of Greater Boston, Inc. v. Bakri, No. 25H84SP005615 (Mass. Hous. Ct.), and the YMCA Defendants' more recently filed civil complaint against her, see YMCA of Greater Boston, Inc. v. Bakri, No. 26H84CV000301 (Mass. Hous. Ct.).

Accordingly, Plaintiff's Emergency Motion [Doc. No. 80] is DENIED.

## II. Plaintiff's Factual Notice

To the extent Plaintiff seeks in her Factual Notice [Doc. No. 79] for this court to exercise jurisdiction over her claims against the YMCA Defendants, such a request is moot where, again, no live claims against the YMCA Defendants remain. See generally Aug. 14, 2026 Mem. & Order [Doc. No. 89]; May 26, 2026 Mem. & Order [Doc. No. 63].

To the extent Plaintiff seeks for this court to "reconsider a First Amendment claim for 2026" against the YMCA Defendants, the court cannot do so where, as the court has previously explained, see May 26, 2026 Mem. & Order 26–27 [Doc. No. 63], Plaintiff has offered no basis on which the court may infer or conclude that the YMCA Defendants are state actors. See Manhattan Cmty. Access Corp. v. Halleck, 587 U.S. 802, 804 (2019) ("The Free Speech Clause of the First Amendment constrains governmental actors. . . ." (emphasis added)).

Finally, to the extent Plaintiff requests that this court exercise "main jurisdiction" over her various claims against the YMCA Defendants—or, as the court understands her request, for this court to assert jurisdiction over the many claims and counterclaims Plaintiff has filed against the YMCA Defendants in Suffolk County Superior Court and the Massachusetts Housing Court, along with her appeals of any existing or future decisions in those courts to Massachusetts's appellate courts—the court is prohibited from doing so under the Anti-Injunction Act, 28 U.S.C. § 2283. See Smith v. Bayer Corp., 564 U.S. 299, 306 (2011); Mannix v. Machnik, 244 Fed. App'x 37, 39 (7th Cir. 2007).

Accordingly, Plaintiff's Factual Notice [Doc. No. 79] is DENIED in its entirety.

## III. Conclusion

For the foregoing reasons, Plaintiff's Emergency Motion [Doc. No. 80] and Factual Notice [Doc. No. 79] are DENIED.

The court cautions Plaintiff that her repetitive filing of "emergency" motions, notices, and other documents seeking relief that the court has already found to be unobtainable—namely, the enjoinment of proceedings to which she is a party in Massachusetts Housing Court or other state courts—results in the waste of judicial resources and may constitute abuse of the judicial process if continued. See In re McDonald, 489 U.S. 180, 184 (1989) (per curiam) (stating that courts have a "responsibility[…] to see that these resources are allocated in a way that promotes the interest of justice" and that the "continual processing" of "repetitious or frivolous" actions "does not promote that end"); United States v. Gomez-Rosario, 418 F.3d 90, 101 (1st Cir. 2005) (stating that federal courts "possess discretionary powers to regulate the conduct of abusive litigants[,]" including "the ability to enjoin a party—even a pro se party—from filing frivolous and vexatious motions").

IT IS SO ORDERED.

August 14, 2026

/s/ Indira Talwani
United States District Judge