UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

HYH'NES HIDIYAH BAKRI,
Plaintiff,
v.
CRUZ MANAGEMENT COMPANY INCORPORATED, et al.,
Defendants.

Civil Action No. 1:25-cv-12807-IT

MEMORANDUM & ORDER

August 14, 2026

TALWANI, D.J.

In May 2026, pursuant to Federal Rule of Civil Procedure 12(d), the court converted Defendant Boston Housing Authority's ("BHA") Motion to Dismiss [Doc. No. 33] Counts 1 and 5 of Plaintiff Hyh'nes Hidiyah Bakri's Amended Complaint [Doc. No. 7] to a motion for summary judgment, which remains pending.

In June 2026, Plaintiff filed a Motion for Leave to File a Second Amended Complaint [Doc. No. 72].[1]

For the reasons set forth below, BHA's converted motion for summary judgment as to Counts 1 and 5 of Plaintiff's Amended Complaint [Doc. No. 7] and Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 72] are DENIED.

---

[1] The court previously denied this motion in part as to the other defendants in this case, leaving pending only potential claims against BHA. See Aug. 14, 2026 Mem. & Order [Doc. No. 89].

# I. Plaintiff's Motion to Amend

## A. *Legal Standard*

A party may amend its pleadings once as a matter of course within twenty-one days of serving it or within twenty-one days after service of a responsive pleading or Rule 12 motion. Fed. R. Civ. P. 15(a)(1). In all other cases, a party may amend its pleading only with the consent of the other party or leave of the court. Fed. R. Civ. P. 15(a)(2).

Under Rule 15(a)(2), leave to amend a pleading should be "freely given when justice so requires." Nevertheless, a motion for leave to amend may be denied in cases of (1) undue delay, (2) bad faith or dilatory motive, (3) undue prejudice, or (4) futility of amendment. See Foman v. Davis, 371 U.S. 178, 182 (1962).

## B. *Discussion*

Although BHA has not filed an opposition to Plaintiff's Motion to Amend [Doc. No. 82], the court nonetheless considers whether the amendment would be futile.

Construing the Proposed Second Amended Complaint [Doc. No. 72-1] liberally, see Estelle v. Gamble, 429 U.S. 97, 106 (1976), Plaintiff has directed two counts in the Proposed Second Amended Complaint [Doc. No. 72-1] at BHA (as well as other Defendants): "Violation of M[ass.] G[en.] L[aws] c[h]. 151B" (Count 2), brought against "Jade Dennis (Jade Cruz) and All Other Defendants"; and "Civil Conspiracy" (Count 9), also brought against "Jade Dennis (Jade Cruz) and All Other Defendants." Id. at 14, 19 (emphases added).

Count 2 arises, if at all, under a Massachusetts statute, while Count 9 arises, if at all, under Massachusetts common law. See, e.g., Greene v. Philip Morris USA Inc., 491 Mass. 866, 871, 208 N.E.3d 676, 682 (2023) ("Massachusetts law recognizes two distinct theories of liability under the umbrella term of civil conspiracy: concerted action conspiracy . . . ; and true conspiracy based on coconspirators exerting some peculiar power of coercion. . . ." (quotations

omitted)). Neither count would therefore provide a basis on which the court could exercise federal question jurisdiction. Where both Plaintiff and BHA are Massachusetts citizens, see Proposed Second Am. Compl. 2 [Doc. No. 72-1], the court would also be unable to exercise diversity jurisdiction.

Accordingly, Plaintiff's proposed amendment "would be futile[,]" 3137, LLC v. Town of Harwich, 126 F.4th 1, 16 (1st Cir. 2025) (quotation omitted), as the court would lack jurisdiction over the case resulting therefrom. Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 72] is DENIED.[2]

## II. BHA's Converted Motion for Summary Judgment as to the Operative Amended Complaint

### A. *Legal Standard*

The court has discretion to convert a motion to dismiss into one for summary judgment if the parties present evidence that cannot be considered on a motion to dismiss. Fed. R. Civ. P. 12(d). Before doing so, the court must give all parties "a reasonable opportunity to present all the material that is pertinent to the motion." Id.

Under Rule 56 of the Federal Rules of Civil Procedure, summary judgment is appropriate when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A fact is material when, under

[2] Plaintiff seeks entry of default against BHA in part for failing to respond to her Motion for Leave to File a Second Amended Complaint [Doc. No. 72]. But BHA was not required to oppose the motion to amend and may have chosen not to respond as a litigation strategy. If the court allowed the filing of the Proposed Second Amended Complaint [Doc. No. 72-1] against BHA as unopposed, the Second Amended Complaint, with no viable claims, would have superseded the operative Amended Complaint [Doc. No. 7], which has pending claims against BHA. BHA could then have filed a motion to dismiss the Second Amended Complaint for lack of subject matter jurisdiction.

the governing substantive law, it could affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Baker v. St. Paul Travelers, Inc., 670 F.3d 119, 125 (1st Cir. 2012). A dispute is genuine if a reasonable jury could return a verdict for the non-moving party. Anderson, 477 U.S. at 248.

The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). This burden can be satisfied in two ways: (1) by submitting affirmative evidence that negates an essential element of the non-moving party's claim or (2) by demonstrating that the non-moving party failed to establish an essential element of its claim. Id. at 331.

Once the moving party establishes the absence of a genuine dispute of material fact, the burden shifts to the non-moving party to set forth facts demonstrating that a genuine dispute of material fact remains. Id. at 321. The non-moving party cannot oppose a properly supported summary judgment motion by "rest[ing] upon mere allegations or denials of [the] pleadings." Anderson, 477 U.S. at 248. Rather, the non-moving party must "go beyond the pleadings and by [his or] her own affidavits, or by 'the depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" Celotex, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)). Disputes over facts "that are irrelevant or unnecessary" will not preclude summary judgment. Anderson, 477 U.S. at 248.

When reviewing a motion for summary judgment, the court must take all properly supported evidence in the light most favorable to the non-movant and draw all reasonable inferences in the non-movant's favor. Griggs-Ryan v. Smith, 904 F.2d 112, 115 (1st Cir. 1990). "Credibility determinations, the weighing of the evidence, and the drawing of legitimate

inferences from the facts are jury functions, not those of a judge . . . ruling on a motion for summary judgment." Anderson, 477 U.S. at 255.

B. *Discussion*

The underlying factual allegations and procedural travel of this case are set forth in several prior orders, including the May 26, 2026 Memorandum and Order [Doc. No. 65] previously addressing BHA's Motion to Dismiss [Doc. No. 33]. For the purposes of BHA's converted motion, the court focuses on the central issue animating Plaintiff's procedural due process claim in Counts 1 and 5 of the Amended Complaint [Doc. No. 7]: whether Plaintiff received adequate notice from BHA "that her housing subsidy would be cancelled" and "an opportunity to defend against such termination in person, before a neutral decisionmaker." Mem. & Order 11 [Doc. No. 65] (citing Goldberg v. Kelly, 397 U.S. 254, 267 (1970)); see id. at 7 (reserving judgment on Count 1 "insofar as Bakri's 42 U.S.C. § 1983 claim alleges a violation of Bakri's right to due process under the Fourteenth Amendment").

1. Scope of the Summary Judgment Record

In the May 26, 2026 Memorandum and Order [Doc. No. 65], the court informed BHA and Plaintiff of the court's intent to partially convert the Motion to Dismiss [Doc. No. 33] to a motion for summary judgment and provided each party with an opportunity to submit additional record evidence:

> No later than June 5, 2026, BHA may submit to the court any record evidence permissible under Rule 56 that BHA wishes the court to consider in the summary judgment disposition of [Counts 1 and 5]. No later than June 15, 2026, Bakri may submit to the court any record evidence permissible under Rule 56 that she wishes the court to consider in rebuttal to BHA's position. **The court will not consider evidence pertaining to any count other than Count 1 and Count 5, insofar as Bakri's claim in Count 1 and Count 5 is limited to a violation of her right to due process under the Fourteenth Amendment regarding BHA's termination of her housing subsidy.**

Mem. & Order 15 [Doc. No. 65].

The docket reflects no additional record evidence submitted by BHA in response to the court's directive.[3] Accordingly, the court will treat the BHA Notice Re: Proposed Termination of Section 8 Rental Assistance [Doc. No. 37-1] ("BHA Notice), previously submitted as an attachment to BHA's Memorandum in Support of Motion to Dismiss [Doc. No. 37], as BHA's only evidence in support of summary judgment on Counts 1 and 5 of the Amended Complaint [Doc. No. 7].

On June 9, 2026, Plaintiff submitted ten exhibits in response to the court's notice: (1) a copy of the BHA Notice [Doc. No. 37-1], Pl.'s Resp. Ex. 1 [Doc. No. 73-1]; (2) an untitled document that appears to contain text generated by an online search engine or artificial intelligence platform regarding renovations at BHA's office on Chauncy Street in Boston in 2025, Pl.'s Resp. Ex. 2 [Doc. No. 73-2]; (3) Plaintiff's "Notice of Tenant Share" from BHA, dated May 30, 2025, Pl.'s Resp. Ex. 3 [Doc. No. 73-3]; (4) a "Termination of Subsidy" notice from BHA addressed to Plaintiff and dated July 28, 2025, Pl.'s Resp. Ex. 4 [Doc. No. 73-4]; (5) a partial image of what appears to be a forwarded email dated July 23, 2025, and sent from an account named "ItsSoarTime.com" to nine email addresses, including at least one address associated with BHA, Pl.'s Resp. Ex. 5 [Doc. No. 73-5]; (6) a "Termination of Subsidy" notice from BHA, dated May 12, 2025, and addressed to a non-party that Plaintiff describes as a former tenant in the same apartment building, Pl.'s Resp. Ex. 6 [Doc. No. 73-6]; (7) a July 29, 2024

---

[3] Where the court's Memorandum and Order [Doc. No. 65] stated that BHA "may submit to the court any record evidence permissible under Rule 56" by no later than June 5, 2026, id. at 15 (emphasis added), but did not require BHA to do so, Plaintiff's Request for Clerk's Entry of Default Against [BHA] and Plaintiff's Motion for Default Judgment Against the [BHA] [Doc. No. 82] for not submitting additional material is DENIED. Plaintiff's Motion to Strike [BHA's] July 28, 2026, Amended Opposition and July 31, 2026 Opposition Re: Motion for Default Judgment [Doc. No. 87] is likewise DENIED.

email from a BHA representative regarding BHA's approval of "Super Priority status on PBV waitlists" selected by Plaintiff, Pl.'s Resp. Ex. 7 [Doc. No. 73-7]; (8) Plaintiff's "Resident Ledger" from the company managing the apartment building, dated March 18, 2026, Pl.'s Resp. Ex. 8 [Doc. No. 73-8]; (9) an untitled and unidentified text paragraph that appears to be from a Massachusetts Housing Court decision concerning the "fair market value" of Plaintiff's apartment, Pl.'s Resp. Ex. 9 [Doc. No. 73-9]; and (10) a United States Postal Service ("USPS") tracking summary bearing the "first class & certified mail" identification number associated with the BHA Notice [Doc. No. 37-1], Pl.'s Resp. Ex. 10 [Doc. No. 73-10].

Exhibits 2, 5, 6, 7, 8, and 9 have no discernible relevance to the procedural due process issue identified in Counts 1 and 5 of the Amended Complaint [Doc. No. 7], see Mem. & Order 7, 11, 15 [Doc. No. 65], and will therefore not be considered by the court for the purpose of resolving the converted motion for summary judgment. See id. at 15 ("The court will not consider evidence pertaining to any count other than Count 1 and Count 5, insofar as Bakri's claim in Count 1 and Count 5 is limited to a violation of her right to due process under the Fourteenth Amendment regarding BHA's termination of her housing subsidy." (emphasis removed)). The court will consider Exhibits 1, 3, 4, and 10, which are relevant to the issue.

2. Analysis

As discussed in the May 26, 2026 Memorandum and Order [Doc. No. 65], to comport with the requirements of procedural due process, a recipient of public assistance is entitled to "timely and adequate notice detailing the reasons for a proposed termination, and an effective opportunity to defend by confronting any adverse witnesses and by presenting [the recipient's] own arguments and evidence orally." Goldberg, 397 U.S. at 267–68. The recipient must also be permitted "to appear personally with or without counsel" before an impartial decisionmaker, who "should state the reasons for [the] determination and indicate the evidence . . . relied on." Id. at

268, 271. The court understands BHA as taking the position that the BHA Notice [Doc. No. 37-1] sent to Plaintiff provided adequate notice of the pending subsidy termination and the requisite opportunity to be heard prior to the termination taking effect.

The court acknowledges that the BHA Notice [Doc. No. 37-1] sets forth in detail BHA's proposed termination of Plaintiff's housing subsidy, including that the proposed termination is based on Plaintiff's alleged "[f]ailure to recertify family composition and income" despite two opportunities to do so, in violation of "24 C.F.R. § 982.551(b)(1), 24 C.F.R. § 982.551(b)(2), 24 C.F.R. § 982.551(b)(4), 24 C.F.R. § 982.551(b)(4), 24 C.F.R. § 982.552(c)(1)(i)." Id. at 2. The BHA Notice [Doc. No. 37-1] also includes information regarding the recipient's right to "an informal hearing" on the termination decision, the step-by-step process that the recipient must follow to request such a hearing, and the recipient's rights before and during the hearing. See id. (explaining, inter alia, the recipient can request a hearing within twenty days of the notice's date, will receive notice at least fourteen days prior notice to the scheduled hearing date, and is entitled to "bring legal or other representation, present evidence, . . . cross-examine any witnesses in attendance" at the hearing and "review any documents and/or any information used by the BHA to arrive at this decision before the hearing.").

Where Plaintiff has submitted the relevant page of the same document, see Pl.'s Resp. Ex. 1 [Doc. No. 73-1], the court does not find a genuine dispute of material fact as to the content of the BHA Notice [Doc. No. 37-1]. But this does not resolve the antecedent question of whether Plaintiff received the BHA Notice [Doc. No. 73-1] prior to the termination of her housing subsidy.

The BHA Notice [Doc. No. 37-1] is dated June 18, 2025, on the first, second, fifth, and seventh pages. Id. at 1–2, 5, 7. On the fourth page, the "Date PT Sent[,]" which the court

understands as referring to BHA's "proposed termination[,]" is identified as "06/18/2025[.]" Id. at 4. But, assuming the BHA Notice [Doc. No. 37-1] was, in fact, mailed or otherwise sent to Plaintiff on June 18, 2025, there is no evidence in the available record on which the court may conclude that Plaintiff received the BHA Notice [Doc. No. 37-1] prior to the termination of her housing subsidy in July 2025.

As noted above, Plaintiff has submitted a USPS tracking summary, printed on what appears to be BHA letterhead, associated with the same "[f]irst [c]lass & [c]ertified [m]ail" identification number included on the top of the first and second pages of the BHA Notice [Doc. No. 37-1].[4] The tracking summary indicates that the BHA Notice [Doc. No. 37-1] was "delivered to agent, picked up at USPS" at a location in Boston, Massachusetts, on June 25, 2025, at 10:17 a.m. Pl.'s Resp. Ex. 10 [Doc. No. 73-10] (capitalization omitted); id. (providing the following "Latest Update": "Your item has been delivered to an agent. The item was picked up at USPS at 10:17 am on June 25, 2025 in BOSTON, MA 02115."). No specific delivery address is provided, nor is there any indication in the tracking summary, or any other part of the relevant record, as to the identity of the "agent" to whom the BHA Notice [Doc. No. 37-1] was delivered on June 25, 2025. Accordingly, the USPS tracking summary does not resolve the question of whether the notice was delivered.

Where Plaintiff continues to assert that she never received the BHA Notice [Doc. No. 37-1] prior to receiving the unappealable "Termination of Subsidy" notice dated July 28, 2025, see Pl.'s Resp. 1 ¶ 1 [Doc. No. 73]; Pl.'s Resp. Ex. 4 [Doc. No. 73-4], and where the court must

---

[4] See Pl.'s Resp. Ex. 10 [Doc. No. 73-10] (listing the "Tracking Number" as "9589071052700022336849" and the "First Class & Certified Mail #" as "9589 0710 5270 0022 3368 49"); BHA Notice 1–2 [Doc. No. 37-1] (listing the "First Class & Certified Mail #" as "9589 0710 5870 0022 3368 49").

resolve all inferences in Plaintiff's favor as the non-movant on a summary judgment motion, the court is thus unable to conclude that there is no genuine issue of material fact as to whether Plaintiff received sufficient notice of the impending termination of her housing subsidy and an opportunity to defend against the termination. Accordingly, the court DENIES BHA's converted motion for summary judgment as to Counts 1 and 5 of the Amended Complaint [Doc. No. 7].

## III. Conclusion

For the foregoing reasons, Plaintiff's Motion for Leave to File a Second Amended Complaint [Doc. No. 72], Request for Clerk's Entry of Default Against [BHA] and Motion for Default Judgment Against the [BHA] [Doc. No. 82], and Motion to Strike [BHA's] July 31, 2026 Opposition Re: Motion for Default Judgment [Doc. No. 87] are DENIED.

Defendant BHA's Motion to Dismiss [Doc. No. 31], as converted to a motion for summary judgment on the procedural due process claim in Counts 1 and 5 of the Amended Complaint [Doc. No. 7], is also DENIED.

Defendant BHA shall file an Answer to the Amended Complaint [Doc. No. 7] no later than fourteen days from the date of this Order.

IT IS SO ORDERED.

August 14, 2026

/s/ Indira Talwani
United States District Judge